**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MICHAEL ANTHONY WILLIAMS, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. RWT-08-2950 |
| CARROLL PARRISH, | * | |
| Defendant. | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending is Defendant's Motion to Dismiss or for Summary Judgment. Paper No. 16. Plaintiff was advised of his right to file a Response in Opposition to the motion and of the consequences of failing to file a response. He has filed nothing further and the matter is ripe for consideration.

**Background**

Plaintiff alleged he was involved in an altercation with a gang member on July 28, 2008, while he was incarcerated at the Metropolitan Transition Center (MTC). Paper No. at p. 4. He claims he wrote a letter to the Governor's office stating the he was in danger at MTC and as a result of his letter, he was called to Defendant's office on August 20, 2008, where he was told he would be removed[1] from MTC after August 29, 2008. He claims he was involved in another fight involving a different gang on October 17, 2008, and he discovered on November 1, 2008, that the first inmate who assaulted him was still incarcerated at MTC. He concludes that Defendant "never care[d] about my safety." *Id* at p. 5.

---

[1] It is unclear from the complaint whether Plaintiff is referring to his transfer or that of the inmate whom he alleges assaulted him.

Defendant asserts that there is no record of Plaintiff being assaulted by a gang member during his incarceration at MTC. Paper No. 16 at Ex. 1. The October 17, 2008 altercation involved Plaintiff and an inmate named Matthew Sutton. Id. at p. 6. A correctional officer witnessing the fight observed Plaintiff repeatedly hitting Sutton in the chest and face. Id. When the two men were ordered to stop fighting they refused and a response team was called to the area. Although Plaintiff later claimed he was jumped by the Dead Man Inc. gang, officers reporting the incident witnessed it as a one-on-one attack with Plaintiff as the aggressor. Id. at pp. 6—7. Plaintiff was later found guilty of institutional adjustment charges related to the altercation.

Defendant further states that there is no record of Plaintiff ever coming to her office on August 20, 2008, as he claims. She further claims there is no evidence that Plaintiff was ever told he would be transferred from MTC and there is no documentation regarding Plaintiff's allegation that he was in danger.

**Standard of Review**

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).   "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988).

**Analysis**

In order to prevail, Plaintiff must establish that Defendants exhibited deliberate or callous indifference to a specific known risk of harm.  Pressly v. Hutto, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency.   Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society."  Farmer v.

Brennan, 511 U.S. 825, 833–34 (1994) (citations omitted).  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id at 837.  See also Rich v. Bruce, 129 F. 3d 336, 339–40 (4th Cir. 1997).

Defendant has alleged, and Plaintiff has failed to refute, that there was never any evidence that Plaintiff's life was either in danger or that prison staff were aware of any known risks to his safety.  The evidence produced by Defendant suggests that the altercation Plaintiff was involved in was not a matter of Plaintiff being victimized by others.  Given the undisputed evidence, Defendant is entitled to summary judgment.  A separate Order follows.

October 26, 2009

>                          /s/
>             ROGER W. TITUS
>     UNITED STATES DISTRICT JUDGE